24 C.C.P.A.(Patents)

## In re SUNDERLAND.

### Patent Appeal No. 3681.

Court of Customs and Patent Appeals.
Dec. 7, 1936.

Cleon J. Sawyer, of New York City (H. Monroe Humason, of New York City, and Francis B. Leech, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed an application in the United States Patent Office for a patent on certain alleged new and useful improvements in wire cables. A number of claims were allowed, but claim 2 was rejected by the Examiner, and on appeal by the Board of Appeals. This claim is as follows:

"2. A bridge cable or the like comprising a plurality of strands and having an inner protective wrapping of metallic tape wound in overlapping turns and an outer sealing wrapping of wire wound helically at approximately right angles to the cable with the successive wraps abutting to seal the cable."

The rejection was made by the Examiner on the following references: British to Siemens et al., No. 332,177, July 17, 1930; Fowle, 1,821,908, September 1, 1931; Robinson, 1,636,388, July 19, 1927; "Suspension Bridges" by Steinman 1922.

The Board of Appeals also relied upon the same references. The appellant has appealed.

The application discloses an alleged improvement in bridge cables, and is applicable to a construction made of either helically wound or straight parallel strands. The alleged improvement consists of two features, namely, fillers which are used to take up the space between the various strands and the wrapping of the entire cable, and an alleged improved form of cover for the cable, to keep it compact and tight, and to protect its strands from injury by the infiltration of moisture. The appellant proposes to effect the latter result by wrapping the exterior of the cable with an outer helically wound continuous metallic tape of zinc. This zinc strip is so wound, and of such width that "each turn overlaps the preceding turn about two-thirds of the tape width." Outside of the zinc tape is what is designated by the applicant in his specification as "the usual outer winding of wire." This wire is so wound in a helical form that the coils abut upon each other and make a tight covering, so that there will be "substantially no chance of any moisture penetrating to the cable strands."

In this court, the Patent Office has relied largely for prior art upon the reference patent to Fowle, and the publication "Suspension Bridges" by Steinman. The Examiner relied largely upon the British patent to Siemens at al. However, the Board of Appeals was of the opinion that the Siemens reference was "not as pertinent as might appear from mere inspection of it."

The Fowle patent is thought by the appellant to be from a nonanalogous art, and that therefore it is not a proper reference. The said patent is, as is stated in the patent, to cover "a wire cable of high mechanical strength, low effective electrical resistivity, and high resistance to corrosion." The object of the structure provided in the Fowle patent is to produce a cable of two principal metals, "one for mechanical strength and the other for

electrical conductivity, so associated that they will be guarded against corrosion, as from exposure to weather," etc.

While it is true that Fowle seems to be concerned largely with avoiding electrical interference, and appellant's application has in mind a bridge cable, it seems to us that the art which is concerned in both the patent and the application are the same, namely, the art of protecting cables against corrosion and the effects of weather, including also the element of strength.

Fowle shows a construction in which the strand or cable to be protected is covered by helically wound strips of metal, in some instances by such strips wound one over the other in opposite directions, and in other instances, such as is shown in Figure 12, by such strips wound in an overlapping manner. The patentee recites that his metal tape may be wound with abutting joints, "to minimize penetration of moisture into the sheath," but also recites that it may be wound with either abutting joints, open jonts, or overlapping joints. He also discloses that either a single metal ribbon or a plurality of wrappings may be used, and that these may be wound either in opposite directions or in the same direction.

It is quite obvious, therefore, that Fowle discloses a metal wrapping which is the equivalent of the metal tape wrapping shown by appellant, and that at least one of its objects, namely, the protection of the cable from moisture, is disclosed by Fowle.

That the expedient of an outside wrapping of metal wire is old in the art is also disclosed by the application of appellant here, wherein he recites, as heretofore stated, that he uses an outer winding of wire as is usual in such cases. Moreover, the publication shows that it is a common expedient to secure additional protection to cables "by providing a tight and continuous wire wrapping around the cable." This, the publication recites, may be soft, annealed, galvanized wire. It is further stated that the function of such wrapping is to exclude moisture, protect the outer wires, and to hold the entire mass of wires so tightly "as to prevent chafing and ensure united stress action."

While no previous art is shown wherein the exact construction of the applicant here is anticipated in this respect, namely, in the placing of the helically wound wire wrapping immediately over and upon the inner protective wrapping of metal tape, it will be observed that rejected claim 2 does not recite any such construction, but is much broader. The contacting of the inner protective wrapping and the outer wire wrapping is not recited in the claim.

The decision of the Board of Appeals is affirmed.

Affirmed.